This is, of course, Mr. Lomow's second time before the court. This is on the appeal, filing the remand for resentencing. I plan to address all three of the arguments, the interrelated resentencing arguments that I've briefed. Counsel, I have a question at the outset. If the district court correctly understood the scope of the remand, do you have any arguments that are separate from that that don't flow from the scope of the remand? I do. The second argument, which is a combination of two sentencing guidelines provisions, the one-book rule and the grouping rules, operate independently from the scope of the remand. Normally the scope of the remand is all that would direct the court, the district court, as to where it can go on remand. But in this case, something very unusual happened, which was by sentencing the two counts separately, the court effectively violated the one-book rule and the grouping rules to create what was actually an unauthorized sentence. The one-book rule requires the court to apply one edition, one volume of the guidelines to an entire sentencing proceeding. How does that square with a limited remand, assuming, again, for the sake of the question, that the remand was limited? Let's assume you have 15 counts and there's one problem with one little piece of it, and the court says in words of one syllable, this is the only thing that you can do on remand. Does the district court look to the one-book rule or does the district court look to the limited remand that says do only one thing? In an extreme case like that where it's a very express and where it might be apparent that the court, that this court has recognized the conflict, but nevertheless has directed the court to limit its re-sentencing to one very limited component, that might do it. But that's not what we have here. What we have is less clear language. We have the court, and this is going back and addressing the scope of the remand language itself. And I'll start by saying there really are two very important theories or guidelines to keep in mind. One is that the presumption is that the remand is for a full re-sentencing. And the other is that to overcome that presumption, in this case, the government would have to show clear evidence to the contrary. But what you're really saying, as I understand it, is that there was a remand for re-sentencing on the conspiracy charge, but given the guidelines, that necessarily entailed, in order to have a legal sentence, taking everything into account, taking the money laundering into account as well. Exactly. So in other words, it isn't so much the – it's that the remand to re-sentence on conspiracy had to entail, at least absent some, as you say, some direction otherwise, other considerations because the guidelines require them. Exactly. Particularly when you have a conspiracy count and a substantive count, which is part of the conspiracy. But then I have a question. If we're applying the one-book rule, which book are we applying? It seemed to me that – you have an ex post facto argument with regard to the downward departure, right? And the guidelines seem to say that if you have that, then you use for everything the book that is the original book, the one that doesn't have the ex post facto problem. So are you arguing that we should be applying the new guidelines or the old guidelines? Yes. Which? Either. Under the Orton case, I am – I can, by invoking the ex post facto rule, ask for the Court to apply the more favorable provisions from the two books. We're talking about 1998 and 2001 are the two books at issue here. So it's not one book anymore. Excuse me? So you're not arguing for one book. You're arguing for two books. I'm arguing for one book on the calculation of the offense level. And this is where – under the Orton case and under the one-book rule, one book must be applied unless there's an ex post facto violation. And under Orton, if there is an ex post facto violation, then to the component under the sentence where there is an ex post facto violation, you would apply the older version. There is no ex post facto violation in applying the 2001 version of the new money laundering guideline to both counts. There is an ex post facto violation to applying the new guideline barring post-sentence rehabilitation. Why does that mean to apply the old book to everything? That's what I'm confused about. No, I don't think that's what I said. You apply the 2001 version of the money laundering guideline to both counts. You do not apply the new guideline barring the downward departure. That's the one part of the new book that would not apply in this case. Well, that doesn't answer Judge Bergeron's question. Why don't you apply everything to the old book? And then we solve the problem. We satisfy the one-book rule. The client gets a bad deal, but at least he's happy that he has one book. Actually, my client does better under either version. The district court in this case didn't do either one of those. She did not apply the post-conviction rehabilitation departure. You heard what we said. Didn't she also say in the alternative that even if she were to consider rehabilitation, that she wasn't going to go below 60 months anyway because she thought that was where it belonged? There was a fairly long discussion that was had about that. But wasn't that the upshot of it, that I'm not going to apply this? But even if I did, I would come out in the same place. So what is the harm to your client? The harm is that he has a 72-month sentence, and the judge said, yes, she would go down 6 to 12 months, which would get to approximately a 60-month sentence. But doesn't that go back to the question of whether she was resentencing on everything? Because if she was not permitted by our remand to resentence on the substantive count, then there's no harm to your client, correct? If she's not permitted to resentence on the substantive count, then no, you don't get to this question of she's not applying a new rule in an extra-effective way. If you agree that either under the scope of the remand or under this theory that she must apply the one-book rule and the grouping rules upon resentencing, then you do get to this question of do you apply the ex post facto rule? Tell me about the one-book rule. What dignity does it have? Is it a constitutional rule? Is it simply a preference? It's a guideline, and I believe it's also authorized under the statute. The sentencing guidelines authorizing statutes, I believe, require application of one book. I'll check on that when I get back to her. It's not a constitutional rule. No, it's not. Isn't it simply a rule that says that recognizes that each time the books, the guidelines are redone, they are redone as a whole, and if you start taking things out of different books, you can end up with anomalous sentences that weren't intended by anybody. Is that basically your point? That's right. That's the hint behind it. Under the Ortlin case, there's a recognized exception to that rule, which is if there is an ex post facto problem with a component of the guidelines, then you would not apply that component to the particular rule. Why wasn't this something you should have raised in petition for a hearing from the last case if you thought that our remand order would have a tendency to violate the one book rule? Why wasn't that something that should have been litigated back then? Having failed to litigate it back then, it's now gone. Right. If you got the order from our court, you could have looked at it, you or whoever the counsel was, I'm not putting any personal blame here, could have said, oh, whoopsie, if this is done. Of course, this could have been argued to begin with in the original case, but let's say you didn't see it coming. You get the order, and you say, whoopsie, if we do this, we're going to violate the one book rule. I better file a PFR pointing this out to the court of appeals to make sure that they don't enter an order that violates the one book rule. And having failed to do that, why are you now not precluded from raising it? First of all, the government hasn't presented that argument, and we haven't briefed that sort of waiver argument. But when the order comes out, and in this case, it is, and I'll point to the language of the specific component. It says we vacate his sentence on that count, the one count, and remand for resentencing. And then at another point it says we vacate the sentence imposed on the conspiracy count, and the tagline says we vacate in part. So wasn't it obvious that this was what was going to happen on remand? I'm not sure that it's that obvious. Isn't this what you asked for the last time around? I mean, you pretty much got, as best I could tell, what you asked for. Can you really complain about it now and say, oops, I got what I wanted, but now I realize it violates the one-book rule? Well, we did ask for the conspiracy sentence to be vacated. The reason we can complain about now is that the trial court, the district court on remand, refashioned the sentence in a way that violates these rules, the grouping rules of the one-book rule. Does any of this matter except for the downward departure? In other words, unless you had the downward departure, would you have any less actual sentence? Yeah. When the district court recalculated the sentence, recalculated it down on the conspiracy count, recalculated it down not just based on the statutory maximum, but recalculated on the new guideline from 72 to 60. Because that was an application of the very same guidelines that would apply to the substantive count, that same calculation would apply down, go from 72 to 60 on the substantive counts. Substantive counts would have been down to 60? I didn't think that was so. I thought that they were considerably higher than that, even calculated under the 2001 guidelines. Well, the district court departed downward from a range that I believe started at 78. I see. So if she had recalculated it and had applied the same downward departure she did earlier, then it would have come down to 60, but not just by the recalculating. No, by recalculating. She says, I am departing downward for the same reasons I departed downward the first time. I'll depart downward to 60. That, by the way, comes out to the same as the statutory maximum. So she departed downward. These very same calculations have to apply to the money laundering count in addition to the conspiracy count. They're under the guidelines. The reference, the sentencing and the conspiracy count refer to the guideline on the money laundering count. They have to have the same calculation. Okay. Thank you. We'll hear from the government. Good morning, Your Honors, and may it please the Court. My name is Martha Bursch, assistant United States attorney. Your Honor, the prior opinion of the panel in this case was very clear and it was very limited, and it was limited to the essentially ministerial task of remanding the conspiracy count to the district court for imposition of the statutory maximum sentence of 60 months. This is what all the parties understood. This is what the defendant himself asked for in the brief in the prior appeal. And I apologize for not attaching it as an attachment to our brief, but if you look at his prior brief, the defendant himself said the sentence on count 52 must be reduced to 60 months. That's what he got. He got exactly what he asked for. In the section of his brief where he discusses it, he said because the statutory maximum controls over the sentencing guidelines, Mr. Lomo's sentence on count 52 must be reduced from a concurrent 72 months to a concurrent 60 months. But is it not unmerely true that if it is remanded for resentencing, let's leave the money laundering off. Okay. If it was remanded for resentencing, and suppose the guidelines in 2001, it's been represented, resulted in a 60-month sentence. But suppose it resulted, all right, but let's suppose it resulted in a 50-month sentence. The remand presumably was to resentence under the 2001 guidelines, whatever they were. No? No, Your Honor, because as the parties also understood, the defendant keeps arguing that the 2001 guidelines were more favorable to him. We actually dispute that. We argued below that the 2001 guidelines created an ex post facto problem because under our calculations, which we continue to adhere to, his range would actually have been higher. But the district court, because she understood that the remand was limited to this ministerial task, basically it didn't matter. None of it mattered because in the end he was going to get a 60-month sentence on the conspiracy count. It was going to run concurrent to the affirmed money laundering count. None of it mattered. And the district court understood that, and all the parties understood. I was asking a conceptual question, which is whether a remand to a resentence on the conspiracy count was a remand just to cap it at 60 months, no matter what the guidelines were at the time of the resentencing, or to apply the guidelines at the time of the resentencing. It was the former because there's under no circumstance would the guidelines have been less than the 60-month sentence. I'm not asking you that. Suppose it was, though. I'm asking you just a conceptual question. Before we get to what the guidelines would have resulted in. Well, then I think it would have been argued on appeal, and there would have been evidence in the record that there would have been a possibility that the defendant could have received a sentence of less than 60 months. So given different facts, yes, the remand would have been different. But it would depend what the guidelines were at the time, which could have been different than what they were on appeal. I'm just trying to get a sense of what the scope of the remand was. Well, our position is the scope of the remand was limited to the ministerial task of imposing a 60-month sentence. No matter what the guidelines were in 2001, and even if they would have been more favorable. That's just simply not an issue. As a matter of fact, that's not an issue in this case. But if, in fact, they would have been more favorable, then, yes, presumably the Court of Appeals would have said we vacate the sentence on the conspiracy count and remand to the district court. That's exactly what they did, vacated the sentence and remanded for resentencing on the conspiracy count. And if you look at their opinion, they said the error was that the statutory maximum was 60 months. There was no discussion either in the briefs, in the district court or in the Court of Appeals that there was any possibility that he would have received a lesser sentence. Everybody understood it. That's right, but he may not have known it because the changes may not have happened yet. I mean, I need to answer this question first before I can get to the question of whether the later guidelines were, in fact, more or less favorable. In other words, if the guidelines were, in fact, more favorable, then the defendant, yes, would have been in the district court saying there's an ex post facto issue here. I've got to get the sentence down to what would be applicable under the currently applicable guidelines. If, in fact, that were true, then that's what he would argue back in the district court. And that's what the district court would do. That is what he's arguing. That is exactly what he's arguing. No, he's not, because when he went back to the district court, he argued that the 2001 guidelines should apply under his calculations. Right. The guidelines were 78 to 97 months. He never argued, still doesn't, that the guidelines were more favorable to him. The 2001, the 98, the 2000, 99, none of them. So, no, he didn't argue that the guidelines were more favorable to him at all. The only thing he argued on remand is that he should have gotten a downward departure. But he himself asked to have the 2001 guidelines apply, and he misreads Wortland. The one-book rule specifically says you do not pick and choose provisions from different guideline manuals. When you have one offense, you use one manual for that whole offense. That's what the district court did here. So he should have been sentenced under the earlier guidelines and had the downward departure available. That's not what he asked for. So he's waived it. I mean, if he wanted that in the district court, he had an opportunity. He didn't ask for that. He asked for the 2001 guidelines to apply. And he's misreading and misunderstanding Wortland. Wortland doesn't allow picking and choosing different provisions from one guideline manual. It does allow what the district court did here, and that is use one guideline manual for one count and one guideline manual for another count. And if you look at the Wortland decision and if you actually read the language in it, it's very clear here that what the district court did, which was purely following the prior opinion of this court, was acceptable under Wortland. It didn't violate the ex post facto clause, and it was completely consistent with what the defendant himself asked for, both on appeal and back on remand in the district court. You know, I'm having a little kind of understanding. You seem to concede, or maybe you don't. Maybe I'm misunderstanding. But you're saying if the defendant gets sentenced under a one book, let's pick a book, 98, 99, whatever, it goes up on appeal, and then there is an intervening, more favorable book while the case is on appeal and by the time he gets back to remand, he has some sort of ex post facto claim. I'm not conceding that, and I don't think that's correct. I think under the guidelines, you look at the ex post facto goes the other way. It goes the other way, exactly. It goes the other way. You can't use a more onerous guideline on resentencing. Ex post facto claim saying, oops, there's a better book now. Right. I have an ex post facto argument. He's tied to the – I mean, he might persuade the district court to go with a different book for whatever reason, but there's no constitutional. That's absolutely correct. That's absolutely correct. Let me make sure I understand the Governor's position on that. You may have said that. No, I think you might be confused because in our brief, I did – Actually, you said that, but I can't. In our brief, I referred to it as an ex post facto issue because the defense in their brief below kept referring to it as an ex post facto issue. Really, all they were saying is court used the 2001 guidelines manual because it's more And it's not actually an ex post facto problem. It was a matter of grace. Is it a matter of grace? This is a question I don't know the answer to. In general, in general, if we hadn't had this problem about the limits on the remand, if you have a remand for resentencing, ordinarily, don't you resentence under whatever the book is at the time of the resentencing? The normal rule under the guidelines, and I don't think the guidelines specifically address resentencing or distinguish between sentencing and resentencing, but the normal rule under the guidelines is you apply the sentencing guidelines in effect at the time of sentencing, whenever that is. So it can change if there's a resentence. Right. If you keep resentencing, you're going to keep having a new guideline manual. But the only exception is if the new provision is more onerous, then you go back to the one at the time of the offense. I don't know really about resentencing after a remand, because presumably you're sentenced under one book, and if you want to apply the one-book rule and there's some modification on appeal, the logic would say you stick with the original book. That's the one book you're tied to. There's no rule that says you're entitled to the current book, is there? No, I'm not aware of any. It would make remands for resentencing immensely more complicated if you say not only do you have to take into account, you know, what we tell you you've got to do, but you also have to take into account whether there's a better book out there. Right. And then have to sort of modify our remand orders in light of the fact that now you're applying it to a different book. Right. That's a very complicated construct. It would considerably complicate resentencings, yes. I think in this case, the district court, as a matter of grace, because she knew it didn't matter, said, okay, I'll apply the 2001 guidelines if that's what you want. No, I mean, whether it matters or not. I mean, district judges have some discretion if they want to be generous or whatever and give a better book. I suppose that's up to them. But doesn't the guideline specifically mandate the guidelines 1B1.11a? The court shall use the guidelines manual in effect on the date that the defendant is sentenced. That's presumably why everybody thinks that on a resentence you use whatever book exists at the time. Not everybody. Many. What? Not everybody. Her representation was that that's what's done. Well, yes, you're right. That's what the guideline says. But it doesn't say and resentencing. It just says when sentencing, you use the one in effect at the time of sentencing. And that's what I said earlier. The guidelines don't distinguish between sentencings and resentencings. So it's not clear whether it practices to do it. Are there any case law in this court about this? I'm not aware of any offhand. And I'm trying to think in terms of the practice. I'm not even sure if there's necessarily a practice one way or the other. But the resentencings, you know, typically come in so many different varieties. We affirm part of the sentence. Yes. So it seems to me if we affirm part of the sentence under a particular book and if you think that one book will apprise, you pretty much have to go back to the original book. So that would seem to be the baseline, just puzzling it out. Part of the sentence stays in place. So if you apply one book, you can't very well say, well, now apply a different book to the part of the sentence that was vacated. Right. Because then you get a two-book sentence. No, I think if it would have mattered in this case, that's right. The resentencing would have been under the 1998 guidelines. The book should have been, although the defendant asked for the 2001. But because the district court knew it didn't matter. Don't you wish we could go back to 1987 or 1988? It's so complicated. No, I like the sentencing guidelines. I get up to the Court of Appeals. Were you practicing law in 1987? I was clerking for a federal judge in Alaska when they were first adopted, yes. He didn't like it. Yes, and many, many judges didn't. I still don't. Okay, thank you. Okay, thank you, Your Honor. We'll give you a minute for a bubble. This Court has, in case law, addressed this question of what book you apply in resentencing. And the case is cited on page 10 of my reply brief. Kikuyama is the case. I'm sorry? Kikuyama, it's K-I-K-U-Y-A-M-A. It's on page 10 of the reply brief. In that case, relying on the sentencing guideline that was just discussed, says on remand you apply the new book, the book in effect at the time of sentencing, at the time of resentencing. But it seems to me that the government is right that you probably are misreading Ortlin because Ortlin was not dividing a single count up the way you're trying to do. Ortlin was essentially saying for different counts, you can, if there's an ex post facto problem, divide things up. But as I understand what you're saying is you want to use the 2001 guidelines substantively and the 1998 guidelines with regard to the government departure for the same count. I think we are disagreeing about that. But assuming I'm wrong, there still has to be a resentencing, a second resentencing, because applying either book the Court thinks But then you'd have to use the 1998 book. With the post-sentence rehabilitation departure. That's right. Because the only thing that's really going to ultimately matter here is the government departure for a post-sentence. Why does that matter? I come back to the question I asked you before. The district judge said, even assuming that I can take that into account, I don't find it's warranted below 60 months. So why does it help you? Because he's serving a sentence of 72 months. But that assumes that there's something wrong. I guess for the purpose of my question, I'm assuming that the fact that we affirmed that sentence on the first appeal stands. And so that he has a 72-month sentence on the substantive count. Making that assumption that you're not going to allow resentencing on the money laundering count, then I would agree. But it doesn't matter. That he's going to do 72 months on that count and you're not going to. What about the fact that you asked for the 2001 guidelines possibly improperly? Then what do we do? Suppose we thought that that was wrong. It really should have been the 98 guidelines all the way. Then you would send a And have you waived something at that point? For the 98 guidelines? You asked for the 2001 guidelines. You got the 2001 guidelines. In the district court In other words, you asked for the 2001 guidelines with the 1998 downward departure rule. If I thought that was improper, that you couldn't divide things up that way, what do I do next? I think you have to send it back to the district court and have the district court do the two calculations. Under the 2001, applying the 2001 in entirety, what's the sentence on both counts? Under the 98 guidelines, what's the sentence under the two counts? Which one's lower? He gets the lower one under the ex post facto clause. Okay, thank you. Case resolution will stand submitted.
judges: Kozinski, Graber, Berzon